09-0402-cr
*USA v. Henriquez (Urena)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and ten.

PRESENT: ROGER J. MINER,
        PIERRE N. LEVAL,
        RICHARD C. WESLEY,
               *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*

    -v.-                            09-0402-cr

JOSE RAFAEL URENA,

        *Defendant-Appellant.*

---

FOR APPELLANT:     SETH L. HUTTNER, (James I. Glasser, *on the brief*), Wiggin and Dana LLP, New Haven, CT.

FOR APPELLEE:     JILLIAN B. BERMAN, Assistant United States Attorney, (Daniel A. Braun, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-appellant Jose Urena appeals from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*), convicting him of: (1) one count of conspiracy to commit robbery of narcotics traffickers, in violation of 18 U.S.C. § 1951 ("Count One"); (2) one count of attempt to commit robbery of narcotics traffickers, in violation of 18 U.S.C. § 1951 ("Count Two"); and (3) one count of conspiracy to distribute and possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846 ("Count Three"). Urena was sentenced principally to a term of 162 months' imprisonment, to be followed by five years' supervised release. We assume the parties' familiarity with the

2

underlying facts, the procedural history, and the issues presented for review.

Urena first contends that his convictions on Counts One and Two should be vacated because the district judge did not properly instruct the jury with regard to the interstate commerce nexus that must be proven to support a conviction under the Hobbs Act.  18 U.S.C. § 1951 ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do" has committed a crime.).  Specifically, he argues that the court erred in providing the following instruction: "Congress determined that all narcotics activity, even purely local narcotics activity, has an effect on interstate commerce. Thus, if you find that the object of the robbery was to obtain narcotics, you may find this element satisfied."  Tr. at 757-58.  According to Urena, because our Court has since "reject[ed] the proposition . . . that findings recited by Congress in the [Controlled Substances Act] dispense with the need for a jury finding that each element of the Hobbs Act has been proven beyond a reasonable doubt," *United States v. Parkes*, 497 F.3d 220, 229 (2d Cir. 2007), his

3

conviction must be vacated.

Because Urena failed to object to the jury instruction at trial, we review only for plain error.[1] *See United States v. Middlemiss,* 217 F.3d 112, 121 (2d Cir. 2000); Fed. R. Crim. P. 52(b). Here, even assuming that the jury instruction constitutes "error" that was "plain," no remand is warranted because the jury instruction did not affect Urena's "substantial rights." *See United States v. Keigue*, 318 F.3d 437, 442 (2d Cir. 2003) (noting that a plain error "affects the substantial rights of a defendant if it is prejudicial and affects the outcome of the district court proceedings." (internal quotation marks and alterations omitted)). There is no reason to conclude that the jury instruction affected the outcome of the proceeding. As our Court recently observed, "[a] conspiracy that targets

---

[1] In the past, our Court has adopted a "modified" plain error approach "where, as here, the source of plain error is a supervening decision." *United States v. Henry*, 325 F.3d 93, 100 (2d Cir. 2003). In that circumstance, we have required the Government, instead of the defendant, to demonstrate that the error was harmless. The viability of that standard is less than clear in light of the Supreme Court's decision in *Johnson v. United States*, 520 U.S. 461 (1997), as many panels have observed. *See, e.g., United States v. Needham*, 604 F.3d 673, 678 (2d Cir. 2010). Once again, however, we need not resolve this question — for "whether plain error or some modified approach is applied, our conclusions would be the same." *Id.*

4

cocaine and heroin, and the proceeds from their sale, undoubtedly meets [the] standard" required to support a Hobbs Act conviction. *United States v. Needham*, 604 F.3d 673, 680 (2d Cir. 2010). Because "[t]hese narcotics cannot be produced in New York, and thus necessarily travel in interstate commerce," *id.*, the jury would have found the "minimal" interstate commerce requirement satisfied even without the erroneous instruction. *United States v. Elias*, 285 F.3d 183, 188 (2d Cir. 2002).

Urena next contends that the district court erred in permitting two eyewitnesses to the July 4, 2005 robbery to identify him at trial, because those in-court identifications were necessarily tainted by *ex ante* out-of-court identifications that the district court found to be unduly suggestive. That argument fails. Where, as here, a court concludes that an out-of-court identification procedure was unduly suggestive, the court must go on to determine whether the identification was nevertheless independently reliable. *See Manson v. Brathwaite*, 432 U.S. 98, 110-14 (1977). To that end, the district court should consider the totality of the circumstances through the lens of those factors set forth in *Neil v. Biggers*. 409 U.S.

5

188, 199-200 (1972).  Because we discern no error in the district court's *Biggers* analysis, and conclude in our independent judgment that the identifications were independently reliable, we reject Urena's argument.

Finally, Urena maintains that the district court clearly erred in imposing a sentence based on a drug quantity of one hundred kilograms of cocaine or more — a finding that yielded a Guidelines range of 292-365 months' imprisonment.  But that argument is meritless.  The record was more than sufficient for the court to conclude, based on a preponderance of the evidence, that the reasonably foreseeable quantity of drugs within the ambit of Urena's criminal conduct was at least one hundred kilograms.  Not the least of such evidence was Urena's own post-arrest statement to police that he was engaged in a "hundred kilo rip."[2]  Tr. 265.

---

[2] Urena also contends that "the court failed to consider that the one hundred kilogram quantity was exclusively a government fabrication."  Br. at 44.  We presume Urena to mean that the court should have afforded more weight to the fact that the attempted robbery of July 5 was a reverse-sting operation orchestrated by government agents, and therefore the one hundred kilogram number was an artifice easily susceptible to inflation by the Government for the sole purpose of augmenting penalties at trial.  We do not discount the possibility that, under some circumstances, such reverse-sting operations might present

We have considered Urena's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

---

the possibility for such abuse.  *See, e.g., United States v. Panduro*, 152 F. Supp. 2d 398, 403 (S.D.N.Y. 2001).  Yet there is no indication of such abuse here; to be sure, the record demonstrates that Urena and his co-conspirators attempted to rob over one hundred kilograms or more of cocaine the day *before* the reverse-sting.  And, in any event, there is no indication that the district court failed to consider the fact that the drug quantity was unilaterally set by the Government in this case.